STATE OF MISSOURI, Respondent, v. JOHN F. JOR-DAN, Appellant.

**St. Louis Court of Appeals, March 4, 1901.**

1. **Registered Pharmacist: DRUGGIST LAW: DRUGSTORE: STATUTORY CONSTRUCTION.** In order to come within the purview of the druggist law as contained in section 3040, Revised Statutes 1899, the owner of a drug store who is not a pharmacist or druggist himself, must keep constantly in his employ a competent pharmacist or druggist.

2. ———: ———: ———. And the pharmacist who is so employed must be registered as such.

3. **Criminal Law: CRIMINAL PROCEDURE: MERCHANT'S LICENSE: SELLING LIQUOR: SALE OF LIQUOR BY MERCHANTS.** In the case at bar, the defendant did not occupy the status of a druggist as defined in our statutes, and he was properly indicted under the merchant's license, which it is shown he possessed, for violation of the law regulating sales of liquor by merchants.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort*, Judge.

AFFIRMED.

*John G. Wear* with *R. F. Scott* for appellant.

(1) Defendant was a druggist and not a merchant, and could not be prosecuted for the sale of whiskey under the merchant's law. State v. McAnally, 66 Mo. App. 329; State v. Alexander, 73 Mo. App. 606; State v. Williams, 69 Mo. App. 285; State v. Williams, 69 Mo. App. 286; State v. Piper, 41

Mo. App. 160.  (2)  Defendant, operating or running a drug-store, having a merchant's license and keeping constantly employed at such store a registered pharmacist, has a right to sell intoxicating liquors under the prescription of a regularly registered and practicing physician.  R. S. 1899, sec. 3047; State v. Steele, Appeal Reporter, May 20, 1900, p. 429.

*David W. Hill* for respondent.

Appellant was a merchant and not a druggist, and was properly indicted.  R. S. 1899, ch. 129; R. S. 1899, sec. 3040; State v. Suess, 20 Mo. App 423; State v. Goff, 66 Mo. App. 491; State v. Steele, Missouri Appeal Reporter, May 20, 1900.

BOND, J.—Defendant was indicted and convicted for violation of the law regulating sales of liquors by merchants. He appeals to this court and assigns for error that he was a druggist in the statutory sense, and, therefore, was not amenable to prosecution for sales of liquors as a merchant.  In order to come within the purview of the druggist law, the owner of a drugstore who is not a pharmacist or druggist himself, must keep constantly in his employ a competent pharmacist or drug-gist.  R. S. 1899, sec. 3040.  It has been repeatedly held that this statute is not complied with unless the pharmacist, who is so employed, is registered as such.

There was no substantial evidence, in this case, that the person claimed by defendant to have been in his employ, al-though a registered pharmacist, was constantly or at all times employed as such in the conduct of the drug business as con-ducted by defendant, or in filling and compounding prescrip-tions applied for at said drugstore.  He did not live in the town (Fisk), where the drugstore was located, but resided with his family in the town of Dexter, Missouri.  He was only

present at the drugstore two or three times a week and did not pretend to claim that he was a constant attendant in the operation of the drugstore. The design of the statute is to secure the services of a competent pharmacist at all times in the dispensing of drugs where the owner of such store does not himself possess this qualification. The evidence in this case demonstrates that this was not accomplished by paying a regularly licensed physician to make occasional calls at defendant's drugstore, and to give occasional supervision or services in the filling and retailing of prescriptions of physicians. Moreover, there is no evidence in the record that, at the time of the sale of whiskey for which the defendant was indicted, the party purchasing the same had been provided with any prescription whatever. Our conclusion is, that the defendant did not occupy the status of a druggist as defined in our statutes, and that he was properly indicted under the merchant's license, which it was shown he possessed, for violation of the law regulating sales of liquors by merchants.

The judgment is, therefore, affirmed. All concur.